**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| | ) | |
| | ) | |
| CRAIG CAMPBELL, | ) | |
| Plaintiff, | ) | Civil Action No. 05-0467 |
| | ) | |
| v. | ) | |
| | ) | |
| CITY OF NEW KENSINGTON, | ) | District Judge Joy Flowers Conti |
| DONALD E. BOWERS, JOHN W. | ) | Magistrate Judge Lisa Pupo Lenihan |
| REGOLI JR., MICHAEL J. LANGER | ) | |
| DOUGLAS J. AFTANAS, FRANK E. | ) | Re: Doc. No. 26 |
| LINK JR., RICHARD JACOBUS, | ) | |
| CHARLES FORMAN, CHRISTOPHER | ) | |
| E. NICHOLS, | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

I.    RECOMMENDATION

   It is respectfully recommended that Defendant Nichols' Motion to Dismiss

Plaintiff's Second Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) at Doc. No. 26 be

denied.


II.    REPORT

  A.    Relevant Facts

   Plaintiff, Craig Campbell, ("Plaintiff"), pro se, brings this action pursuant to 42

U.S.C. § 1983.  Plaintiff filed a Second Amended Complaint ("Amended Complaint") against

the City of New Kensington and eight public officials/employees relating to the allegedly

improper removal of an awning from Plaintiff's property.  In his Amended Complaint, Plaintiff

avers that after the removal of the awning, he "filed a complaint with the D.A. office and was

rejected." (Amended Complaint ¶ 6.)  Plaintiff alleges that the Assistant District Attorney and

other Defendants named in the Amended Complaint "are co conspirators [sic]" in allegedly denying certain of Plaintiff's Constitutional rights, and that "[t]hey stopped any prosecution of a felony in the theft of my awning . . .." (Amended Complaint ¶ 9.)  More specifically, Plaintiff alleges that the "Assistant District Attorney acting as investigator" violated his Constitutional rights. (Amended Complaint ¶ 10.)  Plaintiff continues that in "acting as an investigator and not one that is prosecuting me the assistant district attorney wears the investigating hat.  He is not entitled to absolute immunity.  The immunity goes with the job you are doing not by what title you hold." (Amended Complaint ¶ 11.)  Plaintiff also alleges that "[t]he assistant district attorney and his inactions after finding my facts to be correct, he [sic] did not act on the victim's behalf but acted on the perpetrators [sic] behalf (Richard Jacobus)" and that such action violated Plaintiff's constitutional rights and "shows him to be a coconspirator." (Amended Complaint ¶ 12.)

B.     Legal Standard

In ruling on a motion to dismiss filed pursuant to Rule 12(b)(6), the Court is required to accept as true all allegations made in the complaint and all reasonable inferences that can be drawn therefrom, and to view them in the light most favorable to the plaintiff.  See Blaw Knox Ret. Income Plan v. White Consol. Indus., Inc., 998 F.2d 1185, 1188 (3d Cir. 1993); Ditri v. Coldwell Banker, 954 F.2d 869, 871 (3d Cir. 1992).  The issue is not whether the plaintiff will ultimately prevail, but rather whether he can support his claim by proving any set of facts that would entitle him to relief.  See Hishon v. King & Spalding, 467 U.S. 69 (1984).  Dismissal is appropriate "only if it is clear that no relief could be granted under any set of facts that could be

proven consistent with the allegations."  See Port Authority of New York and New Jersey v. Arcadian Corp., 189 F.3d 305, 311 (3d Cir. 1999).

        Courts generally consider only the allegations of the complaint, attached exhibits, and matters of public record in deciding motions to dismiss.  Pension Benefit Guar. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).  Factual allegations within documents described or identified in the complaint may also be considered if the plaintiff's claims are based upon those documents.  Id.  Moreover, a court may consider documents attached as exhibits to a defendant's motion to dismiss if the plaintiff's claims are based on the documents, and they are undisputedly authentic.  Id.  "Otherwise, a plaintiff with a legally deficient claim could survive a motion to dismiss simply by failing to attach a dispositive document on which it relied."  Id. (citing Goodwin v. Elkins & Co., 730 F.2d 99, 113 (3d Cir. 1984) (Becker, J., concurring)).  A district court may consider these documents without converting a motion to dismiss into a motion for summary judgment.  In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

        In his Brief in Support of Motion to Dismiss Plaintiff's Second Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6), Defendant Nichols argues that as an assistant district attorney for Westmoreland County, he is entitled to absolute prosecutorial immunity. Plaintiff did not filed a response to Defendant Nichols' Motion to Dismiss and Brief in Support.

        C.     Analysis

        In Imbler v. Pachtman, the United States Supreme Court held that prosecutors have absolute immunity from suit under 42 U.S.C. § 1983 for "initiating and pursuing a criminal

3

prosecution." 424 U.S. 409, 430-31 (1976). In initiating a prosecution and presenting the State's case, the prosecutor's conduct must be "intimately associated with the judicial phase of the criminal process" in order for absolute immunity to apply. Id. at 430. In formulating this functional approach, the Court left open the question of whether absolute immunity would apply to "those aspects of the prosecutor's responsibility that cast him in the role of an administrator or investigative officer rather than that of advocate." Id. at 430-31.

This issue was subsequently addressed by the United States Supreme Court in Burns v. Reed, 500 U.S. 478 (1991). In Burns, the Court held that a prosecutor is not absolutely immune for advice given to police during the investigative stages of a criminal proceeding. Id. at 496. The Court expressly rejected the argument that a prosecutor's role in directing a police investigation is sufficiently related to the prosecutor's advocacy function. The Court noted that "[a]lmost any action by a prosecutor . . . could be said to be in some way related to the ultimate decision whether to prosecute, but we have never indicated that absolute immunity is that expansive." Id. at 495. Instead, the Court stated that absolute immunity applies "only for actions that are connected with the prosecutor's role in judicial proceedings, not for every litigation-inducing conduct." Id. at 494.

In Buckley v. Fitzsimmons, the United States Supreme Court held that a prosecutor was not entitled to absolute immunity because he was not acting as an advocate for the State when he allegedly fabricated evidence and then made false statements to the press about such evidence. 509 U.S. 259 (1993) The Court elaborated upon the absolute immunity functional approach as follows:

> There is a difference between the advocate's role in evaluating evidence and interviewing witnesses as he prepares for trial, on the one hand, and the

4

detective's role in searching for the clues and corroboration that might give him probable cause to recommend that a suspect be arrested, on the other hand. When a prosecutor performs the investigative functions normally performed by a detective or police officer, it is "neither appropriate nor justifiable that , for the same act, immunity should protect one and not the other."

<u>Buckley</u>, 509 U.S. at 273-74 (quoting <u>Hampton v. Chicago</u>, 484 F.2d 602, 608 (7th Cir. 1973)) (internal quotation marks omitted by <u>Buckley</u> court).  <u>See</u> <u>also</u> <u>Carter v. City of Philadephia</u>, 181 F.3d 339, 355-56 (3d Cir. 1999) (quoting <u>Burns</u>, 500 U.S. at 486-87) ("[T]he Supreme Court has been 'quite sparing' in its recognition of absolute immunity," and "directs a 'functional' approach to immunity issues."); <u>Giuffre v. Bissell</u>, 31 F.3d 1241, 1253-54 (3d Cir. 1994) (prosecutor not protected by absolute immunity where actions had no functional tie to judicial process).

       Accepting as true all allegations in the Amended Complaint, and all reasonable inferences that can be drawn therefrom, and viewing them in the light most favorable to Plaintiff, this Court cannot recommend that Plaintiff's Second Amended Complaint against Defendant Nichols be dismissed on the basis of absolute immunity.  In his <u>pro se</u> Amended Complaint, Plaintiff avers that Defendant Nichols was "acting as an investigator and not one that is prosecuting me."  (Amended Complaint ¶ 11.)  He further avers that the District Attorney was acting as an investigator when he allegedly violated certain of Plaintiff's constitutional rights. (Amended Complaint ¶ 10.)  This Court must construe this <u>pro se</u> Plaintiff's submissions liberally.  <u>See</u> <u>Haines v. Kerner</u>, 404 U.S. 519 (1972).  Plaintiff's averments clearly take Defendant Nichols' actions outside the judicial phase of the criminal process and into the investigative stages of a criminal proceeding.  Consequently, at this time, this Court cannot recommend that the Amended Complaint against Defendant Nichols be dismissed.

III.     <u>CONCLUSION</u>

It is respectfully recommended that Defendant Nichols' Motion to Dismiss Plaintiff's Second Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) at Doc. No. 26 be denied.

In accordance with the Magistrate's Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrates, the parties are allowed ten (10) days from the date of service to file objections to this Report and Recommendation.  Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.


                                        s/ Lisa Pupo Lenihan
                                        LISA PUPO LENIHAN
                                        United States Magistrate Judge


Dated: March 8, 2006

cc:    The Honorable Joy Flowers Conti
       United States District Judge

       Craig Campbell
       435 Violet Drive
       Lower Burrell, PA  15068

       Edmond R. Joyal, Jr.
       Law Office of Joseph S. Weimer
       975 Two Chatham Center
       Pittsburgh, PA  15219

       Robert L. Potter
       Timothy A. Fedele
       Strassburger, McKenna, Gutnick & Potter
       Four Gateway Center
       444 Liberty Avenue
       Suite 2200
       Pittsburgh, PA 15222