IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CRAIG CAMPBELL,<br>　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF NEW KENSINGTON,<br>DONALD E. BOWERS, JOHN W.<br>REGOLI JR., MICHAEL J. LANGER<br>DOUGLAS J. AFTANAS, FRANK E.<br>LINK JR., RICHARD JACOBUS,<br>CHARLES FORMAN, CHRISTOPHER<br>E. NICHOLS,<br>　　　　Defendants. | Civil Action No. 05-0467<br><br><br><br>District Judge Joy Flowers Conti<br>Magistrate Judge Lisa Pupo Lenihan<br><br>Re: Doc. No. 54 |

**REPORT AND RECOMMENDATION**

I.　　RECOMMENDATION

　　　　It is respectfully recommended that Plaintiff's Motion for Temporary Restraining Order("TRO") at Doc. No. 54 be denied.

II.　　REPORT

　　A.　　Relevant Facts

　　　　Plaintiff, Craig Campbell, ("Plaintiff"), pro se, brings this action pursuant to 42 U.S.C. § 1983. Plaintiff filed a Second Amended Complaint ("Amended Complaint") against the City of New Kensington and eight public officials/employees relating to the allegedly improper removal of an awning from Plaintiff's property. In his Amended Complaint, Plaintiff avers that after the removal of the awning, he "filed a complaint with the D.A. office and was rejected." (Amended Complaint ¶ 6.) Plaintiff alleges that the Assistant District Attorney and other Defendants named in the Amended Complaint "are co conspirators [sic]" in allegedly denying

certain of Plaintiff's Constitutional rights, and that "[t]hey stopped any prosecution of a felony in the theft of my awning . . .." (Amended Complaint ¶ 9.) More specifically, Plaintiff alleges that the "Assistant District Attorney acting as investigator" violated his Constitutional rights. (Amended Complaint ¶ 10.) Plaintiff continues that in "acting as an investigator and not one that is prosecuting me the assistant district attorney wears the investigating hat. He is not entitled to absolute immunity. The immunity goes with the job you are doing not by what title you hold." (Amended Complaint ¶ 11.) Plaintiff also alleges that "[t]he assistant district attorney and his inactions after finding my facts to be correct, he [sic] did not act on the victim's behalf but acted on the perpetrators [sic] behalf (Richard Jacobus)" and that such action violated Plaintiff's constitutional rights and "shows him to be a coconspirator." (Amended Complaint ¶ 12.)

Plaintiff filed, on October 10, 2006, a Motion for Temporary Restraining Order ("TRO") alleging that he is being harassed before a deposition in the above captioned case. The harassment alleged is a letter from the Office of Code Enforcement of the City of New Kensington advising that property owned by Plaintiff is in violation of certain portions of the local property maintenance code. The letter, attached as pages 4 and 5 of Document Number 54, requests that Mr. Campbell do the following within 16 days:

> 302.1  Please clean up brush accumulation in yard.
> 302.4  Please cut high weeds and vegetation in garage and alley area.
> 304.13  Please replace boarded-up windows in garage or paint board to match garage.

The letter further states that Mr. Campbell may file an appeal with the City within 15 days of receipt of the letter.

B.    Legal Standard

In determining whether a temporary restraining order[1] is warranted, a court must consider: (1) whether the movant has shown a reasonable probability of success on the merits; (2) whether the movant will be irreparably harmed by denial of the relief; (3) whether granting preliminary relief will result in even greater harm to the nonmoving party; and (4) whether granting the preliminary relief will be in the public interest. American Civil Liberties Union v. Reno, 217 F.3d 162, 172 (3d Cir. 2000), vacated on other grounds and remanded sub nom., Ashcroft v. American Civil Liberties Union, 535 U.S. 564 (2002). More specifically with regards to the fourth prong, one seeking a TRO must show that the issuance of the injunctive relief would not be adverse to the public interest. Dominion Video Satellite, Inc. v. EchoStar Corp., 269 F.3d 1149, 1154 (10th Cir. 2001). It "frequently is observed that a preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (emphasis deleted). Further, it is well established general law with respect to equitable injunctive relief that the Court is to bear constantly in mind that an "[i]njunction is an equitable remedy which should not be

---

[1] Because the standards for the grant of a preliminary injunction and a temporary restraining are the same, the court's analysis of the temporary restraining order would also dispose of any request by Plaintiff for a preliminary injunction. BABN Technologies Corp. v. Bruno, No. 98-3409, 1998 WL 720171 at *3 (E.D. Pa. 1998) ("The standard for a temporary restraining order is the same as that for a preliminary injunction. Bieros v. Nicola, 857 F.Supp. 445, 446 (E.D.Pa.1994)."); Cooper v. City of Philadelphia, 18th District, No. 93-3007, 1993 WL 274192 at *1 (E.D. Pa. 1993) ("The standards for a temporary restraining order and a preliminary injunction are the same."). The distinguishing features between these two forms of injunctive relief are that temporary restraining orders may be issued ex parte without an adversary hearing and are of limited duration, whereas preliminary injunctions may be issued only after the opposing party receives notice and after some form of hearing, and are in force until the completion of the trial on the merits. BABN Technologies Corp., 1998 WL 720171 at *3.

lightly indulged in, but used sparingly and only in a clear and plain case." Plain Dealer Publ'g Co. v. Cleveland Type. Union # 53, 520 F.2d 1220, 1230 (6th Cir. 1975), cert. denied, 428 U.S. 909 (1976). As a corollary of this principle that preliminary injunctions should issue only in a clear and plain case, our Third Circuit Court of Appeals has observed that "upon an application for a preliminary injunction to doubt is to deny." Madison Square Garden Corp. v. Braddock, 90 F.2d 924, 927 (3d Cir. 1937). See also Spirol Int'l Corp. v. Vogelsang Corp., 652 F. Supp. 160, 161 (D.N.J. 1986). Moreover, it is plaintiff's burden to show that the "preliminary injunction must be the only way of protecting the plaintiff from harm." See Campbell Soup Co. v. ConAgra, Inc., 977 F.2d 86, 91 (3d Cir. 1992). With respect to the "irreparable harm" prong of proving entitlement to a TRO, the Court of Appeals for the Third Circuit has emphasized that the "key aspect of this prerequisite is proof that the feared injury is irreparable; mere injury, even if serious or substantial, is not sufficient." United States v. Commonwealth of Pennsylvania, 533 F.2d 107, 110 (3d Cir. 1976). Additionally, in carrying his burden to show irreparable harm, a plaintiff must make a clear showing that irreparable harm will occur immediately. See ECRI v. McGraw-Hill, Inc., 809 F.2d 223, 226 (3d Cir. 1987). For "a showing of irreparable harm is insufficient if the harm will occur only in the indefinite future. Rather, the moving party must make a clear showing of immediate irreparable harm." Campbell Soup Co., 977 F.2d at 91 (internal quotations omitted) (emphasis added by Campbell Soup Co. court). Indeed, the Court of Appeals for the Third Circuit "insisted that the risk of irreparable harm must not be speculative." Adams v. Freedom Forge Corp., 204 F.3d 475, 488 (3d Cir. 2000).

C.   Discussion

It appears that Plaintiff is seeking to have this court enjoin the City of New Kensington from enforcing its ordinances relative to his property on the grounds that he is being harassed as a result of this lawsuit. He asserts little basis for the harassment, other than to argue that his property is in no worse condition than any other property. He does not argue, however, that his property is in compliance with the ordinances.

A determination of success on the merits would involve the Court undertaking a review of the ordinance in question as well as holding a hearing on the condition of the property to determine if he is indeed in violation and if it is his responsibility to remedy. This is so clearly outside of the jurisdiction of this court it requires no further analysis. More importantly, Plaintiff fails to show any irreparable harm, let alone the level of irreparable harm necessary to justify such extraordinary relief. He does not specify what the nature of this "irreparable injury" is, and "mere injury, even if serious or substantial, is not sufficient." United States v. Commonwealth of Pennsylvania, 533 F.2d at 110 (3d Cir. 1976). In a worst case scenario, he could be fined, certainly not a harm that is irreparable. Furthermore, the relief he requests is that he be released from complying with any City property maintenance ordinances until the conclusion of this case. Such a request cannot be granted by this Court.

In addition, Plaintiff has failed to show that the issuance of a TRO is "the only way of protecting the plaintiff from harm." See Campbell Soup Co., 977 F.2d at 91. The proper avenue of relief is to file an appeal with the City, as is indicated by the letter, and follow up with whatever appellate processes are outlined within the city ordinance.

For the foregoing reasons, Plaintiff's motion for TRO should be denied.

III.  CONCLUSION

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) & (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Any party opposing the objections shall have seven (7) days from the date of service of the objections to respond thereto. Failure to timely file objections may constitute a waiver of any appellate rights.

    /s/Lisa Pupo Lenihan
LISA PUPO LENIHAN
United States Magistrate Judge

Dated: October 16, 2006

cc:    The Honorable Joy Flowers Conti
    United States District Judge

    Craig Campbell
    435 Violet Drive
    Lower Burrell, PA  15068

    Counsel of Record