IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CRAIG CAMPBELL,<br>        Plaintiff,<br><br>      v.<br><br>CITY OF NEW KENSINGTON,<br>DONALD E. BOWERS, JOHN W.<br>REGOLI JR., MICHAEL J. LANGER,<br>DOUGLAS J. AFTANAS, FRANK E.<br>LINK JR., RICHARD JACOBUS,<br>CHARLES KORMAN, CHRISTOPHER<br>E. NICHOLS,<br>        Defendants. | Civil Action No. 05-0467<br><br><br><br>District Judge Joy Flowers Conti<br>Magistrate Judge Lisa Pupo Lenihan |

**MEMORANDUM ORDER**

Pending before the court is a Motion for Reconsideration of the Order Dated the 1st of November, 2006, Denying Plaintiff's Motion for Temporary Restraining Order. In his motion for reconsideration, plaintiff essentially attempts to relitigate issues he previously raised in the above-captioned action which were decided in the memorandum order of this court dated November 1, 2006.

In its order, the court denied plaintiff's motion for temporary restraining order finding that, among other things, plaintiff failed to show any irreparable harm. The court also found that plaintiff failed to establish that issuance of a temporary restraining order is the only way of protecting the plaintiff from harm.

By reason of plaintiff raising matters in the motion for reconsideration which have

1

already been considered and decided by this court, the motion for reconsideration will be denied.

### *Standard of Review*

A motion for reconsideration is granted only if one of three situations are shown: "(1) the availability of new evidence not previously available, (2) an intervening change in controlling law, or (3) the need to correct a clear error of law or to prevent manifest injustice." Reich v. Compton, 834 F.Supp. 753, 755 (E.D. Pa. 1993).

> Because of the interest in finality, at least at the district court level, motions for reconsideration should be granted sparingly; the parties are not free to relitigate issues the court has already decided . . . . Stated another way, a motion for reconsideration is not properly grounded in a request for a district court to rethink a decision it has already made, rightly or wrongly.

Williams v. City of Pittsburgh, 32 F.Supp.2d 236, 238 (W.D. Pa. 1998).

### *Discussion*

Plaintiff argues that a temporary restraining order should be granted against defendant, City of New Kensington (the "City"), as a result of the City enforcing certain local ordinances against plaintiff. Plaintiff fails to show the availability of new evidence not previously available or an intervening change in controlling law to support his motion for reconsideration. Plaintiff's motion for reconsideration, therefore, is best understood as premised on a need to correct a clear error of law or to prevent manifest injustice. Plaintiff, however, cannot meet this burden.

In his motion for reconsideration, plaintiff appears to argue that his motion for reconsideration should be granted and a temporary restraining order issued because plaintiff does not have an attorney to represent him. Plaintiff asserts that he cannot receive a "fair hearing"

because he does not have assistance of counsel. While plaintiff may be at a disadvantage pursuing his case without the benefit of counsel, a civil litigant does not have a constitutional right to counsel. Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997). Likewise, a civil litigant has no statutory right to appointed counsel. Id. at 457 (citing Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993)). Although a civil litigant has no constitutional or statutory right to counsel, 28 U.S.C. § 1915 provides that a district court "*may* request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1) (emphasis added). When determining whether it is proper for a court to request an attorney to represent an indigent litigant in a civil case, the court must first decide that the plaintiff's claim has some merit in fact and law. Parham, 126 F.3d at 457.

     Here, plaintiff is a civil litigant and has no constitutional or statutory right to counsel. In the October 16, 2006 Report and Recommendation, the magistrate judge found that, although plaintiff asserts that he is being harassed as a result of defendant enforcing its local ordinances, plaintiff failed to assert that he was in compliance with these ordinances. The court also found that plaintiff asserted little basis in support of his allegation of harassment. The court noted that plaintiff failed to show any irreparable harm, let alone the level of irreparable harm necessary to justify a temporary restraining order. Finally, plaintiff failed to show that a temporary restraining order is the "only way of protecting the plaintiff from harm." Campbell Soup Co. v. ConAgra, Inc., 977 F.2d 86, 91 (3d Cir. 1992).

     Despite plaintiff having no right to counsel and serious concerns being raised with respect to the lack of merit of his claims, the magistrate judge attempted to find counsel to represent plaintiff. Those efforts, however, were unavailing and plaintiff did not retain counsel to

represent him in this matter.  While plaintiff may be at a disadvantage litigating this matter without benefit of counsel, this disadvantage, in and of itself, does not give rise to a level of irreparable harm such that the court would be justified in granted a temporary restraining order.

Plaintiff's motion essentially is an attempt to relitigate issues he previously raised in the above-captioned action which were decided in the November 1, 2006 order.  There is no basis for the court to revisit these issues yet again.  In light of the interest in finality, parties are not free to relitigate issues the court has already decided.  For these reasons, plaintiff's motion for reconsideration shall be denied.

### *Conclusion*

For the reasons set forth above, and in the November 1, 2006 order entered in the above-captioned civil action, this motion for reconsideration shall be and hereby is **DENIED**.

By the court,

/s/ Joy Flowers Conti
Joy Flowers Conti
U.S. District Judge

Dated: December 1, 2006

cc: The Honorable Lisa Pupo Lenihan
    United States Magistrate Judge

    All counsel of record

    Craig Campbell
    435 Violet Drive
    Lower Burrell, PA  15068