IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CRAIG CAMPBELL,<br>          Plaintiff<br><br>          v.<br><br>CITY OF NEW KENSINGTON,<br>DONALD E. BOWERS, JOHN W.<br>REGOLI JR., MICHAEL J. LANGER,<br>DOUGLAS J. AFTANAS, FRANK E.<br>LINK JR., RICHARD JACOBUS,<br>CHARLES KORMAN, and CHRISTOPHER<br>E. NICHOLS,<br>          Defendants. | Civil Action No. 05-0467<br><br><br><br>District Judge Joy Flowers Conti<br>Magistrate Judge Lisa Pupo Lenihan<br><br>Re: Doc. Nos. 81 & 84 |

**REPORT AND RECOMMENDATION**

I.    RECOMMENDATION

It is respectfully recommended that the Motion for Summary Judgment filed by Defendant Christopher E. Nichols at Doc. No. 81 be granted. It is also recommended that the Motion for Summary Judgment filed by Defendants City of New Kensington, Donald E. Bowers, John W. Regoli, Jr., Michael J. Langer, Douglas J. Aftanas, Frank E. Link, Jr., Richard Jacobus, and Charles Korman, at Doc. No. 84 be granted.

II.   REPORT

Craig Campbell brings this action pro se pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983 against Defendants City of New Kensington, Donald E. Bowers, John W. Regoli, Jr., Michael J. Langer, Douglas J. Aftanas, Frank E. Link, Jr., Richard Jacobus, Charles Korman, and Christopher E. Nichols. The Amended Complaint avers that the Defendants violated his rights under the 4th, 5th, and 14th Amendments to the United States Constitution as a result of the removal of Plaintiff's awning without his knowledge or consent.

A. <u>Relevant Facts</u>

  Craig Campbell owns a house located at 510 Fourth Avenue, in the City of New Kensington, Westmoreland County, Pennsylvania.  (Letter from Craig Campbell to Richard Jacobus, Doc. No. 83 at 19.)  In December 2001, the house was vacant, and had a full-length, aluminum awning over the front porch.  (Campbell Dep., Doc. No. 83 at 4, 8, 11.)  The awning's center portion was defective and detached from the wall.  (Campbell Dep., Doc. No. 83 at 4, 11.)

  Richard Jacobus was New Kensington's Code Enforcement Officer and removed the awning from Mr. Campbell's property.  (Campbell Dep., Doc. No. 83 at 10. )   On or about December 17, 2001, Mr. Campbell filed a report with the New Kensington Police Department advising that "sometime during the past week unknown person(s) took the aluminum awning from the front of his residence."  (New Kensington Police Report, Doc. No. 83 at 20.) In August 2002, Mr. Campbell learned that Mr. Jacobus had taken the awning.  (Letter from Craig Campbell to Richard Jacobus, Doc. No. 83 at 19.) This was approximately eight months after the awning had been removed from his house.  (Letter from Craig Campbell to Richard Jacobus, Doc. No. 83 at 19.)

  On or about November 23, 2004, Mr. Campbell filed a private criminal complaint against Mr. Jacobus, which accused him of trespass and theft.  (Campbell Dep., Doc. No. 83 at 5; Private Criminal Complaint, Doc. No. 83 at 17-18;  Letter from Craig Campbell to Richard Jacobus, Doc. No. 83 at 19.)  The criminal complaint was assigned to Christopher Nichols, an Assistant District Attorney in Westmoreland County.  (Campbell Dep., Doc. No. 83 at 5-6; Declaration of Christopher E. Nichols, Doc. No. 83 at 26.)  Mr. Nichols met with Mr. Campbell

on December 2, 2004 and disapproved the complaint as lacking prosecutorial merit on December 7, 2004.  (Private Criminal Complaint, Doc. No. 83 at 18; Letter from Christopher E. Nichols to Christopher Campbell, Doc. No. 83 at 24.)

On April 8, 2005, Mr. Campbell filed the above-captioned civil action in this court averring, inter alia, that Mr. Nichols was "acting as an investigator" when he allegedly deprived Mr. Campbell of his rights. (Amended Complaint, Doc. 28 at 3.)

B. Summary Judgment

Summary judgment is appropriate if, drawing all inferences in favor of the nonmoving party, "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c).  Summary judgment may be granted against a party who fails to adduce facts sufficient to establish the existence of any element essential to that party's case, and for which that party will bear the burden of proof at trial.  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  The moving party bears the initial burden of identifying evidence which demonstrates the absence of a genuine issue of material fact. Once that burden has been met, the nonmoving party must set forth "specific facts showing that there is a genuine issue for trial" or the factual record will be taken as presented by the moving party and judgment will be entered as a matter of law.  Matsushita Elec. Indus. Corp. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (quoting Fed.R.Civ.P. 56(e) (emphasis added by Matsushita Court).  An issue is genuine only "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty-Lobby, Inc., 477 U.S. 242, 248 (1986).  While any evidence used to support a motion for summary judgment must be admissible, it is not necessary for it to be in admissible form.  See Fed.R.Civ.P. 56(e); Celotex

Corp., 477 U.S. at 324; J.F. Feeser, Inc., v. Serv-A-Portion, Inc., 909 F.2d 1524, 1542 (3d Cir. 1990).

    C.    Analysis

        1.    Defendant Christopher E. Nichols

Defendant Nichols argues that summary judgment should be granted in his favor because Mr. Campbell has no standing to sue, he is entitled to absolute immunity, or in the alternative, qualified immunity. (Memorandum of Law in Support of Motion for Summary Judgment, Doc. No. 82 at 2-9.) Mr. Campbell argues that he has been personally damaged and therefore has the necessary standing to bring suit. He further argues that he was denied due process of law as Mr. Nichols acted as a private citizen, without absolute or qualified immunity, when he made the decision not to prosecute Plaintiff's criminal complaint. (Answer to Christopher E. Nichols [sic] Motion for Summary Judgement, Doc. No. 87 at 1-5.)

        A.    Standing

Before the merits of Mr. Campbell's claim may be considered, he must first demonstrate that it is appropriate for him to invoke the judicial process. Linda R.S. v. Richard D., 410 U.S. 614, 616 (1973). "[A]t least in the absence of a statute expressly conferring standing, federal plaintiffs must allege some threatened or actual injury resulting from the putatively illegal action before a federal court may assume jurisdiction." Id. at 617 (citing Moose Lodge No. 107 v. Irvis, 407 U.S. 163, 166-67 (1972); Flast v. Cohen, 392 U.S. 83, 101 (1968); Baker v. Carr, 369 U.S. 186, 204 (1962)). Someone who does not have any "interest of his own at stake always lacks standing." Linda R.S., 410 U.S. at 617 n. 4. A private "citizen lacks standing to contest the policies of the prosecuting authority when he himself is neither prosecuted nor threatened with prosecution. . . . [A] private citizen lacks a judicially cognizable

interest in the prosecution or nonprosecution of another." Id. at 619 (intervening citations omitted).

Mr. Campbell is not being prosecuted, nor is he being threatened with prosecution. Mr. Campbell filed this suit against Mr. Nichols because he is dissatisfied with the fact that Mr. Nichols did not prosecute Mr. Jacobus. Mr. Campbell's dissatisfaction that Mr. Jacobus was not prosecuted does not translate into the necessary judicially cognizable interest needed to produce standing. E.g. Snyder v. Aaron, No. 06-2666 (3d Cir. June 18, 2007).

B.   Absolute Immunity

Even if Plaintiff did have standing, Defendant Nichols is protected by absolute immunity. In Imbler v. Pachtman, the United States Supreme Court held that "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." 424 U.S. 409, 431 (1976). In order for absolute immunity to apply, the prosecutor's conduct during the initiation and presentation of the State's case must be "an integral part of the judicial process." Id. at 430 (quoting Imbler v. Pachtman, 500 F.2d 1301, 1302 (9th Cir. 1974)). Left unanswered by the court, however, was the question of whether absolute immunity would apply to "those aspects of the prosecutor's responsibility that cast him in the role of an administrator or investigative officer rather than that of advocate." Id. at 430-31.

Absolute immunity attaches in all actions that are performed in a "quasi-judicial" role. Id. at 430. A court must engage in a functional analysis to determine whether the conduct of a prosecutor falls within this "quasi-judicial" role. Kulwicki v. Dawson, 969 F.2d 1454, 1463 (3d Cir. 1992). In Burns v. Reed, the United States Supreme Court noted that "almost any action by a prosecutor . . . could be said to be in some way related to the ultimate

decision whether to prosecute, but we have never indicated that absolute immunity is that expansive." 500 U.S. 478, 495 (1991).  Instead, stated the court, absolute immunity applies "only for actions that are connected with the prosecutor's role in judicial proceedings, not for every litigation-inducing conduct." Id. at 494.

Many of the United States Courts of Appeals are in agreement in holding that prosecutors are absolutely immune from suit for the decision not to prosecute.  See Nedab v. Litten, No. 05-cv-5058, 2006 WL 1674254 at *1 (3d Cir. June 19, 2006); Foster v. PHRC; No. 05-cv-1102, 2005 WL 2891368 at *2 (3d Cir. Nov. 3, 2005); Steele v. City of Bemidji, 257 F.3d 902, 906 (8th Cir. 2001);   Roe v. City and County of San Francisco, 109 F.3d 578, 583 (9th Cir. 1997); Ross Yordy Constr. Co. v. Naylor, 55 F.3d 285, 287 (7th Cir. 1995); Harrington v. Almy, 977 F.2d 37, 40 (1st Cir. 1992); Oliver v. Collins, 904 F.2d 278, 281 (5th Cir. 1990); Schloss v. Bouse, 876 F.2d 287, 290 (2d Cir. 1989); Meade v. Grubbs, 841 F.2d 1512, 1530 (10th Cir. 1988).

In this case, there is absolutely no evidence in the record to suggest that Mr. Nichols played a role in the removal of the awning or that he advised Mr. Jacobus or New Kensington prior to the removal of the awning.  Conversely, Mr. Nichols became involved in this factual scenario only after Mr. Campbell filed his criminal complaint.  Discovery in this case reveals that Mr. Nichols was only involved in the judicial phase of the criminal process. All of his conduct fell squarely within the context of his decision of whether to prosecute.  Mr. Nichols' decision not to prosecute places him firmly within his prosecutorial role.

Moreover, Mr. Campbell has directed this court to no evidence to suggest that Mr. Nichols was acting in any role other than a prosecutorial one.  Other than the bare allegations of the complaint that Mr. Nichols was acting as an investigator, Mr. Campbell has set

forth no "specific facts showing that there is a genuine issue for trial." See Matsushita Elec. Indust. Corp., 475 U.S. at 587 (emphasis added by Matsushita Court). Consequently, judgment for Defendant Nichols should be entered as a matter of law on the issue of absolute immunity.[1]

>   2.   Defendants City of New Kensington, Donald E. Bowers, John W. Regoli, Jr., Michael J. Langer, Douglas J. Aftanas, Frank E. Link, Jr., Richard Jacobus, and Charles Korman

The above Defendants argue that summary judgment should be granted in their favor for the following reasons: Plaintiff's complaint is barred by the two year statute of limitations in Pennsylvania; Plaintiff's complaint fails to make out a claim for municipal liability pursuant to Monell v. Dept. of Soc. Servs., 436 U.S. 658 (1978); Plaintiff has failed to show that these individual Defendants directly participated in the alleged unconstitutional acts; Plaintiff's complaint fails to set forth any violations of his rights under the United States Constitution; and the individual Defendants are protected by the doctrines of official and qualified immunity. (Brief in Support of Defendants' Motion for Summary Judgment, Doc. No. 86 at 2-9.) Plaintiff argues that summary judgment should be denied because there is no statute of limitations in federal court, relief could be granted through paying legal fees and costs associated with Plaintiff's lawsuit and lost wages due to mental distress; and Defendants are not protected by official or qualified immunity because they violated his Constitutional civil rights and are liable under the 14th Amendment. (Plaintiff's Response, Doc. No. 89 at 1-4).

>   A.   Statute of Limitations

---

[1] Because Defendant Nichols is protected by absolute immunity, this Court need not address the issue of qualified immunity.

42 U.S.C. § 1983 does not have a statute of limitations of its own. In the absence of a federal statute of limitations governing a federal cause of action, courts are to look to the most analogous state statute of limitations. For § 1983 claims, the most analogous statute of limitations is the state's tort action for personal injury. Wilson v. Garcia, 471 U.S. 261, 276 (1985); Williams v. City of Atlanta, 794 F.2d 624, 626 (11th Cir. 1986). In Pennsylvania, the statute of limitations for personal injury claims is two years. 42 Pa.C.S.A. § 5524. This two-year statute of limitations applies to claims brought under 42 U.S.C. § 1983. Lake v. Arnold, 232 F.3d 360, 368 (3d Cir. 2000).

In Haines v. Kerner, the United States Supreme Court noted that the court must hold allegations in a pro se complaint "to less stringent standards than formal pleadings drafted by lawyers." 404 U.S. 519, 520 (1972). Because Plaintiff is pro se, "we must liberally construe his pleadings, and we will apply the applicable law, irrespective of whether the pro se plaintiff has mentioned it by name." Dluhos v. Strasberg, 321 F.3d 365, 369 (3d Cir. 2003). In Blakely v. Allegheny County Airport Authority, however, the United States District Court for the Third Circuit dismissed Blakely's pro se complaint as time-barred. No. 07-cv-77, 2007 WL 1599008, at *2 (3d Cir. June 4, 2007). The Blakely court noted that plaintiff did not provide an adequate reason for equitable tolling. See also United States v. Chew 284 F.3d 468, 471-72 (3d Cir. 2002) (court dismissed pro se plaintiff's motion because it was time-barred by the statute of limitations).

Plaintiff has the burden of proving the statute of limitations has been tolled. Courtney v. La Salle Univ., 124 F.3d 499, 505 (3d Cir. 1997). Three situations exist under which tolling is appropriate: "(1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has

been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum." Oshiver v. Levin, 38 F.3d 1380, 1387 (3d Cir. 1994) (quoting Smith v. American President Lines, Ltd., 571 F.2d 102, 109 (2d Cir. 1978)).

In this case, Mr. Campbell wrote an undated letter indicating that he was aware that Mr. Jacobus had taken the awning in August of 2002. (Letter from Craig Campbell to Richard Jacobus, Doc. No. 83 at 19.) Therefore, Mr. Campbell knew or should have known that he had a cause of action against the Defendants as of this date. As a result, Mr. Campbell had until August of 2004 to file a complaint pursuant to 42 U.S.C. § 1983. Consequently, Mr. Campbell's claims are time-barred because he did not file his complaint until April 8, 2005. In Mr. Campbell's submissions, he provides no explanation as to why he waited over seven months after the statute of limitations expired to file his complaint. Mr. Campbell does not argue any of the three situations above under which tolling may be appropriate. Instead, he argues that there is no statute of limitations in federal court. The Court has carefully considered Plaintiff's argument, but must recommend that judgment be entered as a matter of law in favor of the above-captioned Defendants on their statute of limitations defense.[2]

III. CONCLUSION

It is recommended that the Motion for Summary Judgment filed by Defendant Nichols at Doc. No. 81 be granted. It is also recommended that the Motion for Summary Judgment filed by Defendants City of New Kensington, Donald E. Bowers, John W. Regoli, Jr., Michael J. Langer, Douglas J. Aftanas, Frank E. Link, Jr., Richard Jacobus, and Charles Korman, at Doc. No. 84 be granted.

---

[2] Because the claims against these Defendants are time-barred, the Court need not discuss Defendants' remaining arguments.

In accordance with the Magistrate Judge's Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrate Judges, the parties are allowed ten (10) days from the date of service to file objections to this Report and Recommendation. Any party opposing the objections shall have ten (10) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

                                                    LISA PUPO LENIHAN
                                                    United States Magistrate Judge

Dated: July 27, 2007

cc:     The Honorable Joy Flowers Conti
        United States District Judge

        Craig Campbell
        435 Violet Drive
        Lower Burrell, PA 15068

        All Counsel of Record
        via Electronic Filing