# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CRAIG CAMPBELL, | ) |
| Plaintiff, | ) |
| vs. | ) Civil Action No. 05-0467 |
| CITY OF NEW KENSINGTON, DONALD E. BOWERS, MICHAEL J. LANGER, JOHN W. REGOLI, JR., DOUGLAS J. AFTANAS, FRANK E. LINK, JR., RICHARD JACOBUS, AND CHARLES KORMAN, | ) Judge Conti ) Magistrate Judge Lenihan ) ) Re: ECF No. 126 |
| Defendants. | ) |

## MEMORANDUM ORDER

Plaintiff's complaint was received by the Clerk of Court on April 8, 2005 and was referred to a United States Magistrate Judge in accordance with the Magistrate Judge's Act, 28 U.S.C. § 636(b)(1), and Rules 72.C and 72.D of the Local Rules for the Western District of Pennsylvania.

The magistrate judge's report and recommendation (ECF No. 126) filed on August 16, 2010, recommended that defendants' renewed motion for summary judgment (ECF Nos. 103 & 84) be denied in part and granted in part. Specifically, the magistrate judge recommended that the renewed motion for summary judgment be granted on all claims relating to all defendants except defendant Jacobus. As to defendant Jacobus, the magistrate judge recommended that the motion be denied on the claims of selective enforcement, abuse of process, and First Amendment retaliation, and granted as to all remaining claims. Service was made on all counsel of record and plaintiff, *pro se*. The parties were informed that in accordance with the Magistrate Judge's Act, 28 U.S.C. § 636(b)(1)(B) and (C), Federal Rule of Civil Procedure 72(b)(2), and Rule 72.D.2 of the Local Rules, that they had fourteen (14) days from the date of service to file

objections to the magistrate judge's report and recommendation. On September 1, 2010, plaintiff filed a motion for extension of time to file objections. (ECF No. 127) The magistrate judge granted plaintiff's motion for a 45-day extension of time, and noted that plaintiff's objections were due on October 18, 2010. On October 21, 2010, plaintiff filed objections to the report and recommendation, entitled "Answer to Second Report and Recommendation." (ECF No. 128) Defendants did not respond to plaintiff's objections. The court carefully reviewed plaintiff's objections and supporting documents. Plaintiff argues the following with regard to the magistrate judge's recommendation to grant the renewed motion for summary judgment as to all defendants except Jacobus:

> The City of New Kensington, Donald E. Bowers, Michael J. Langer, John W. Regoli, Jr., Douglas J. Aftanas, Frank E. Link, Jr. and Richard Jacobus should all be held accountable for Jacobus' actions. The Mayor Frank E. Link and council Donald E. Bowers, Michael J. Langer, John W. Regoli[,] Jr.[,] and Douglas J. Aftanas gave Richard Jacobus his job. The refusal of Mayor and council to pleas I had at two council meetings where they received a written account of all Constitutional violations was ignored. The City of New Kensington is responsible because Richard Jacobus violated my rights. The period of time [when] my rights were violated [was when] Richard Jacobus was employed and represented New Kensington in code enforcement. Mr. Jacobus was represented by an attorney in the common pleas court and the attorney was paid for by New Kensington. Therefore, Mayor and council were behind him in all actions.

(Objections, ECF No. 128 at 2-3)

In *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658 (1978), the United States Supreme Court held that municipalities and other local governmental units are "persons" subject to liability under 42 U.S.C. § 1983. In so ruling, however, the Court declared that municipal liability may not be premised on the mere fact that the governmental unit employed the offending official, that is, through application of the doctrine of *respondeat superior*. Instead,

the Court concluded that a governmental unit may be liable under § 1983 only when its "policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." Monell, 436 U.S. at 694. The "official policy" requirement distinguishes acts of the municipality from acts of employees of the municipality, thereby limiting liability to action for which the municipality is actually responsible. *Id*.

In finding municipal liability pursuant to § 1983, the plaintiff must identify the policy, custom or practice of the municipal defendant that results in the constitutional violation. *Id*. at 690-91. A municipal policy is made when a decision-maker issues an official proclamation or decision. *Pembaur v. City of Cincinnati*, 475 U.S. 469, 481 (1986), *quoted in*, *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990). A custom or practice, however, may consist of a course of conduct so permanent and widespread that it has the force of law. *Andrews*, 895 F.2d at 1480. To establish municipal liability based upon a custom or practice, the plaintiff must demonstrate that the decision-maker had notice that a constitutional violation could occur and that the decision-maker acted with deliberate indifference to this risk. *Berg v. County of Allegheny,* 219 F.3d 261, 276 (3d Cir. 2000). Finally, the plaintiff must show a causal connection between the custom or policy and the violation of the constitutional right. *Bielevicz v. Dubinon,* 915 F.2d 845, 850-51 (3d Cir. 1990). To make that showing, a plaintiff must demonstrate an "affirmative link" or "plausible nexus" between the custom or practice and the alleged constitutional deprivation. *Bielevicz*, 915 F.2d at 850-51.

Consequently, these defendants may not be found liable pursuant to 42 U.S.C. § 1983 simply because they employed defendant Jacobus, and plaintiff failed to come forward with evidence to support a claim of municipal liability.

After review of the pleadings and the documents in the case, together with the report and recommendation and the objections thereto, the following order is entered:

**AND NOW**, this \_\_\_\_ day of December, 2010;

**IT IS HEREBY ORDERED** that defendants' renewed motion for summary judgment at ECF Nos. 103 & 84 is **GRANTED IN PART AND DENIED IN PART.** The renewed motion for summary judgment is **GRANTED** on all claims relating to all defendants except defendant Jacobus. As to defendant Jacobus, the renewed motion for summary judgment is **DENIED** on the claims of selective enforcement, abuse of process, and First Amendment retaliation, and **GRANTED** as to all remaining claims.

**IT IS FURTHER ORDERED** that the report and recommendation (ECF No. 126) of Magistrate Judge Lenihan, dated August 16, 2010, is adopted as the opinion of the court.

_____
Joy Flowers Conti
United States District Judge

cc: All counsel of record
 *Via electronic filing*

Craig Campbell
435 Violet Drive
Lower Burrell, PA 15068